UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 19-51 |
| CARLOS HUMBERTO HEREDIA RIVADENEIRA | SECTION: T (1) |

### ORDER AND REASONS

Defendant Carlos Humberto Heredia Rivadeneira pleaded guilty to conspiring to import five kilograms or more of cocaine hydrochloride into this country. *See* R. Docs. 41; 42. Although the Court determined the United States Sentencing Guidelines range applicable to Mr. Heredia to advise a sentence of 135 to 168 months incarceration, it departed significantly below that range in sentencing Mr. Heredia and sentenced him to a term of 121 months. *See* R. Docs. 90; 91.

Mr. Heredia subsequently filed two substantively identical *pro se* motions to the Court seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive portions of U.S. Sentencing Guideline Amendment 821. R. Docs. 125; 127. The Court allowed Mr. Heredia to submit a supplemental memorandum in support of his motions, R. Doc. 134, as well as ordering counsel be appointed to represent Mr. Heredia and further support his request for a sentence reduction with counseled briefing. *See* R. Docs. 130; 135; 139. After carefully considering Mr. Heredia's counseled and *pro se* briefing, along with the applicable law and facts, and including the recommendation of the Eastern District of Louisiana's Retroactivity Screening Committee for Amendment 821 (the "Amendment 821 Committee") that the Court reduce Mr. Heredia's sentence

1

of incarceration from 121 to 96 months, R. Doc. 129, the Court denied Mr. Heredia's motions. R. Doc. 140. In its denial order, the Court explained the original sentence of 121 months was within the Guidelines range applicable to Mr. Heredia even after applying the changes made by Amendment 821 and, upon consideration of the sentencing factors the Court must consider in fashioning the appropriate sentence for a defendant pursuant to 18 U.S.C. § 3553, 121 months of incarceration "remain[ed] necessary to reflect the seriousness of the defendant's offense, to promote respect for the law, and to provide just punishment for the offense." *Id.*

Mr. Heredia now moves the Court to reconsider that holding and instead grant his motions to reduce his sentence pursuant to Amendment 821. R. Doc. 146. Although the Federal Rules of Civil Procedure do not provide a distinct mechanism by which a party may move the Court to reconsider its rulings, it is well established that a motion so denominated and challenging a prior judgment on the merits, if filed within twenty-eight days of the issuance of the challenged judgment, must be construed as a motion to alter or amend that judgment pursuant to Rule 59(e) of the Court's ruling; or, if filed beyond that time, as a motion for relief from the judgment pursuant to Rule 60(b). *See, e.g.*, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Cavalier v. Jill L. Craft Att'y at L., L.L.C.*, 2024 WL 2846059, at *2 n.2 (5th Cir. June 5, 2024) (unpublished) (explaining the Fifth Circuit's statement in *Shepherd* that motions for reconsideration filed more than <u>ten</u> days after the challenged judgment must be construed under Rule 60(b) had been derived from the then-existing requirements of Rule 59(e), which was amended in 2009 to extend its deadline to the now-applicable <u>twenty-eight</u> days). Because Mr. Heredia filed his Motion for Reconsideration fewer than twenty-eight days after the Court's denial of his motions for a sentence reduction, the Court shall construe it as raised under Rule 59(e).

The Fifth Circuit has emphasized that reconsideration of a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D. La. 2000)). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that were raised, or could have been raised, before the entry of judgment. *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting "manifest error[s] of law or fact or . . . present[ing] newly discovered evidence." *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). Here, Mr. Heredia does not seek to present any newly discovered evidence, but merely asserts reconsideration is appropriate because the Court erred in failing to "recognize the [G]overnment's concession [that he] qualif[ied] for re-sentence under Amendment 821[.]"

To the contrary—the Court carefully considered the determinations of the Amendment 821 Committee, comprised by a representative of each the Eastern District of Louisiana's Federal Public Defender's Office, U.S. Attorney's Office, and U.S. Probation Office, both that Mr. Heredia was indeed eligible for a reduction in his sentence under Guidelines Amendment 821 and that the Court should grant him that relief. Having done so, however, the Court concluded otherwise: that the § 3553 sentencing factors would not be satisfied by Mr. Heredia's receipt of a sentence of any less than 121 months incarceration. Thus, at base, Mr. Heredia's arguments for reconsideration constitute mere disagreement with the Court's analysis of the § 3553 factors in connection with this case. "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and

3

should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). Accordingly;

**IT IS ORDERED** that Mr. Heredia's Motion for Reconsideration, R. Doc. 146, is **DENIED**.

New Orleans, Louisiana, this 24th day of June, 2024.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**